Skye **ASTIANA, et al., individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**KASHI COMPANY, Defendants.**

**And Related Case.**

**Nos. 3:11–CV–01967–H (BGS)**[1]**, 11–CV–2890–H (BGS).**

United States District Court, S.D. California.

Nov. 22, 2013.

---

1. This is the lead case in consolidated cases 11–CV–2256–H (BGS), 11–CV–2285–H (BGS), 11–CV–2637–H (BGS), 11–CV–2356–H (BGS), 11–CV–2629–H (BGS), and 11–CV–2816–H (BGS). (Doc. Nos. 16, 22.) This Order applies to all of the cases, and the related case (11–CV–2890–H (BGS)).

David E. Bower, Faruqi & Faruqi, LLP, Janet Lindner Spielberg, Law Office of Janet Lindner Spielberg, Michael David Braun, Braun Law Group PC, Marc L. Godino, Glancy, Binkow & Goldberg, LLP, Los Angeles, CA, Joseph N. Kravec, Jr., Wyatt A. Lison, Feinstein, Doyle, Payne & Kravec, LLC, Pittsburgh, PA, Andrea Clisura, Antonio Vozzolo, Shane T. Rowley, Nadeem Faruqi, Faruqi and Faruqi, New York, NY, David A. Searles, James A. Francis, Francis & Mailman, PC, Philadelphia, PA, Heather M. Baker, Kirtland & Packard, LLP, El Segundo, CA, Jacob Goldberg, Faruqi & Faruqi, LLP, Jenkintown, PA, Shirish Gupta, Law Office of Shirish Gupta, San Mateo, CA, Stephen H. Gardner, Dallas, TX, Yvette Golan, The Golan Firm, Houston, TX, Jason S. Hartley, Stueve Siegel Hanson, LLP, David Joshua Staub, San Diego, CA, Rosemary M. Rivas, Finkelstein Thompson, LLP, San Francisco, CA, for Plaintiffs.

Dean Nicholas Panos, Richard P. Steinken, Jenner and Block, LLP, Chicago, IL, Kate Spelman, Kenneth Kiyul Lee, Jenner & Block, LLP, Los Angeles, CA, for Defendant.

## ORDER DENYING MOTION TO MODIFY JULY 30, 2013 CLASS CERTIFICATION ORDER

MARILYN L. HUFF, District Judge.

On October 24, 2013, Defendant Kashi Company ("Kashi") filed a motion to modify the Court's July 30, 2013 class certification order based on new evidence. (Doc. No. 182.) On November 11, 2013, Plaintiffs filed an opposition to Kashi's motion. (Doc. No.

187.) On November 18, 2013, Kashi filed its reply. (Doc. No. 146.) On November 18, 2013, the Court submitted the motions on the papers. (Doc. No. 198.) For the reasons set forth below, the Court denies Kashi's motion.

### Background

This is a consumer class action lawsuit brought on behalf of people who have purchased Kashi food products. Plaintiffs claim the products contained deceptive and misleading labeling and advertisements. (Doc. No. 49 ¶¶ 1–2.) Plaintiffs allege that Defendant packaged, marketed, distributed, and sold Kashi food products as being "Nothing Artificial" or "All Natural." (*Id.*) Plaintiffs claim certain ingredients or processes used to manufacture Kashi food products are not "natural," but rather are synthetic. (*Id.*) Plaintiffs identified 10 specific Kashi products containing one or more of the challenged ingredients with labels claiming "Nothing Artificial" and 91 products with labels claiming "All Natural." (*Id.* ¶¶ 71–72; Doc. No. 108.) Defendant contends that consumers and producers have no uniform definition of "natural" and, accordingly, the representations are not materially false. (Doc. No. 127 at 19–20.)

On July 30, 2013, the Court issued its order granting in part and denying in part Plaintiffs' motion for class certification. (Doc. No. 148.) The Court certified a class of California purchasers of Kashi products marketed and labeled as containing "Nothing Artificial." (*Id.* at 25–26.) Additionally, the Court certified a class of California purchasers of Kashi products marketed and labeled as "All Natural" that contained one or more of the following ingredients: pyridoxine hydrochloride, calcium pantothenate, or hexane-processed soy ingredients. (*Id.* at 26.)

On August 14, 2013, Kashi filed for permission to appeal the Court's class certification order to the Ninth Circuit. (Doc. No. 150.) On October 24, 2013, the Ninth Circuit denied Kashi permission to appeal the Court's class certification order. (Doc. No. 178.) Additionally, on August 28, 2013, Kashi moved to modify the Court's class certification order, arguing that calcium pantothenate and pyridoxine hydrochloride should be eliminated from the "All Natural" class definition. (Doc. No. 160.) On September 18, 2013, the Court denied Kashi's motion. (Doc. No.

173.) On October 24, 2013, Kashi filed the present motion seeking to modify the "All Natural" class definition with respect to hexane-processed soy ingredients. (Doc. No. 182.)

### Discussion

#### I. Legal Standard for Modification of Class Definition

Federal Rule of Civil Procedure 23(c)(1)(C) permits a court to alter or amend an order granting class certification at any point prior to the entry of final judgment. Fed.R.Civ.P. 23(c)(1)(C). Therefore, the district court retains flexibility and is free to modify a class definition in light of developments during the course of litigation. *See, e.g., Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. ConocoPhillips Co.,* 593 F.3d 802, 809 (9th Cir. 2010); *Norris–Wilson v. Delta–T Grp., Inc.,* 270 F.R.D. 596, 601 (S.D.Cal.2010); *Andrews Farms v. Calcot, Ltd.,* 268 F.R.D. 380, 384 (E.D.Cal.2010). "In considering the appropriateness of [modification or] decertification, the standard of review is the same as a motion for class certification: whether the Rule 23 requirements are met." *Marlo v. United Parcel Serv., Inc.,* 251 F.R.D. 476, 479 (C.D.Cal.2008) *aff'd,* 639 F.3d 942 (9th Cir.2011).

#### II. Kashi's Motion for Modification of Class Definition

Kashi asserts that new evidence makes modification of the Court's class certification order appropriate. (Doc. No. 182.) But Kashi's evidence is a 2006 letter from the U.S. Department of Agriculture ("USDA") to Kashi's primary supplier of soy-hexane processed ingredients. (Doc. No. 182–5.) In the letter, the USDA informs the supplier that certain soy protein isolates and soy protein concentrates manufactured with hexane are acceptable as ingredients in meat and poultry products. (Doc. No. 182–5.) Therefore, Kashi argues, the USDA has approved of Kashi using the term natural to describe its products containing hexane-processed soy

ingredients sourced from the same manufacturer.

■ Kashi is mistaken in asserting that the USDA letter settles the issue of whether hexane-processed soy ingredients are natural as a matter of federal law. (Doc. No. 182 at 9–10.) First, the USDA letter repeatedly states that it applies only to meat and poultry products.[2] (Doc. No. 182–5); *Barnes v. Campbell Soup Co.*, C 12–05185 JSW, 2013 WL 5530017, at *6 (N.D.Cal. July 25, 2013) (holding USDA authority is limited to meat and poultry products). Second, for the products at issue in this suit that contain poultry, Kashi has not adequately established that the labels "clearly and conspicuously identify the non-natural ingredient … directly beneath or beside all natural claims or, if elsewhere on the principal display panel; an asterisk should be used to tie the explanation to the claim." (Doc. No. 182–8, Ex. 7 "USDA Food Standards and Labeling Policy Book".) Third, a letter from the USDA is not presumptively controlling authority. "Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant Chevron-style deference." *Wos v. E.M.A. ex rel. Johnson*, — U.S. ——, 133 S.Ct. 1391, 1402, 185 L.Ed.2d 471 (2013) (alteration omitted) (quoting *Christensen v. Harris County*, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000)). "These documents are entitled to respect in proportion to their power to persuade." *Id.* (internal quotation marks omitted).

Additionally, Kashi's reliance on USDA regulations to exclude soy-hexane processed ingredients from the "All Natural" class runs afoul of its own website. On the "What *Is* Natural?" section of Kashi's own website, Kashi asserts that it must create its own standard for the term natural because the USDA definition applies only to meat and poultry. (*See* Doc. No. 127–6 at 10.) Furthermore, Kashi's own definition of minimal

processing is that which "involves only kitchen chemistry, processes that can be done in a family kitchen…." (*Id.*) Kashi, in attempting to cast the USDA opinion letter as dispositive, ignores its own definition and the effect that definition may have had on consumers.

Kashi errs by arguing that the USDA's letter regarding labeling of certain hexane-processed soy ingredients in meat and poultry products is dispositive of how consumer class members would view hexane-processed soy ingredients in Kashi products. As the Court has noted before, the "Court's class certification order was not predicated on a technical parsing of the federal regulations…." (Doc. No. 173 at 3.) Rather, the Court certified the "All Natural" class for three ingredients that reasonable consumers could plausibly consider to be material misrepresentations. (*Id.*)

After examining the 2006 USDA letter, the Court is not persuaded that it presents sufficient authority to alter the definition of the class. Accordingly, the Court declines to remove products with soy-hexane processed ingredients from the "All Natural" class.

### *Conclusion*

For the foregoing reasons, the Court denies Kashi's motion to modify the July 30, 2013 class certification order.

**IT IS SO ORDERED.**

---

**2.** The USDA regulates meat and poultry and the FDA regulates all other types of food. *Compare* 21 U.S.C. § 452 (providing for the inspection of poultry and poultry products to prevent misbranding and adulteration); and 21 U.S.C. § 603 (providing for the inspection of meat and meat products to prevent misbranding and adultera-

tion); with 21 U.S.C. §§ 393(b)(2)(A) (empowering the FDA with responsibility to protect the public health by ensuring that "foods are safe, wholesome, sanitary, and properly labeled" but exempting meat and meat food products from the FDA to the extent that the Meat Inspection Act applies).